On Petition for Rehearing
ALLEN, Judge.
This court entered an order Tuesday, September 3, 1957, granting the motion of the appellee to affirm an order of the lower court entered the 22nd day of August, 1957, which denied the petition of the defendant below, appellant here, to stay the proceedings in the lower court and which stated:
“That the date for final hearing previously set herein for Monday and Tuesday, August 26 and August 27, 1957, before The Honorable John D. Justice, Circuit Judge, at the Court House in Sarasota, Florida, shall be adhered to by the parties to this action.”
The defendant, Margaret Linguanti, entered her interlocutory appeal from said interlocutory order.
The appellee filed his motion to quash the appeal or affirm the order of the lower court on the 29th day of August, 1957, and gave notice to the appellant that the motion would be called up for hearing on Tuesday, September 3, 1957. The parties were advised by this court that the motion would be considered without oral argument. The court on September 3, 1957 granted the motion to affirm the lower court.
The question presented by the interlocutory appeal was whether or not the Judge below abused his discretion in refusing to grant a supersedeas on the appeal.
The plaintiff below, appellee here, filed a divorce complaint against his wife in the Twelfth Judicial Circuit. The appellant, defendant below, prior to answering the complaint, filed a suit in the State of New York for a divorce against her husband, the plaintiff in the Florida action. Subsequently, she filed an answer to the Florida action and was allowed counsel fees and! suit money by an order of the court, July 29, 1957, and in the same order the court below set a date for final hearing for the 26th and 27th of August, 1957. The defendant in the Florida action and the plaintiff in the New York action requested the New York trial court to issue an injunction restraining her husband from proceeding with the Florida action. The trial court declined to issue a restraining order and an appeal was taken by the defendant in the Florida action from such order declining the issue of the restraining order and the .appellate court in New York granted such a restraining order.
On August 16, 1957, the defendant, appellant here, filed a petition to stay proceedings in the Florida action pending an appeal in New York from an order of the New York court denying an injunction to restrain further proceedings in the Florida action. The court below refused to stay the Florida proceedings.
It is apparent that the purpose of the plaintiff’s interlocutory appeal is to secure a stay of the Florida proceedings until her action in New York is completed, thus giving the New York court time to decide the case filed in that State before the Florida court enters a decision in the Florida case, which was initiated before the New York action, and where the Florida court had jurisdiction of the subject matter and the parties.
Florida Appellate Rule 5.1, effective July 1, 1957, provides:
“When it shall be made to appear to the lower court that an appeal to re *908 view an interlocutory order or decree in equity has been or is about to be taken to the court, the lower court may, in its discretion, grant a super-sedeas or stay upon appellant’s giving a good and sufficient bond conditional that such appeal shall be taken within ten days, and to pay all costs, damages and expenses occasioned by reason of .the stay of proceedings, together with such other and further conditions as may be fixed by the lower court in the event the order or judgment of which a review is sought, is not quashed, modified or reversed.”
Rule 5.10 of the Florida Appellate Rules provides:
“If the lower court refuses to grant a supersede.as or stay, or if any bond required by said court is deemed to be arbitrary or unreasonable or such as is for any other reason not proper, the .order of refusal, or the order fixing the terms and conditions of the bond, may be reviewed and over-ruled, modified or discharged by the Court on motion, provided reasonable notice of the hearing on said motion is given to the adverse party.”
, It was apparent to this court on a review of the record that the Judge below had not abused his discretion in refusing to stay the proceedings below or to grant supersedeas on this interlocutory appeal, and the motion of the appellee to affirm was granted.
The appellant vigorously contends that this court acted too soon on the motion to affirm, since there was1 less than 5 days between the filing of the motion and the date of hearing of said cause.
The order granting the motion to affirm was entered September 3, 1957. If, in fact, there were not 5 days intervening between the notice of hearing and the date of the court’s order, the appellant, if she needed additional time, could have petitioned the court for delay in hearing the motion, which she failed to do. Notwithstanding this court’s order of affirmance, the appellant, through her attorney, appeared personally before this court on September 10, 1957 at Orlando, Florida, where the court was at that time hearing oral arguments, and presented to the court and argued a motion for supersedeas in the following words:
“The appellant respectfully shows unto this Honorable Court that she has filed in a cause therein pending in the Circuit Court, Twelfth Judicial Circuit, Glades County, Florida, in Chancery, Case No. 1037, her Notice of Appeal to'this Honorable Court from the Interlocutory Order heretofore rendered therein and that she desires said Appeal to operate as a Superse-deas and thereupon had applied to -the Lower Court pursuant to Rule 5.1 of Florida Rules of Appellate Procedure for a Supersedeas which was denied by the Lower Court and she now applies to this Court for an order entering a supersedeas in order that the Appeal may operate as a Supersedeas pursuant to Rule 5.10 of Florida Rules of Appellate Procedure.”
The above motion presented the identical question that is the subject matter of this appeal.
This court, after argument of appellant’s counsel, entered its. .order denying the appellant’s motion for supersedeas in this cause.
. We believe that no good.purpose would be 'served by granting the appellant’s petition for rehearing.
The petition for reheáring is denied and the order of affirmance is. adhered to.
KANNER, C. J., and PLEUS, J., concur. ’ • ;